## A11A0429 STURGENT v. THE STATE.
### (712 SE2d 667)

BARNES, Presiding Judge.

A Douglas County jury found Kiman Sturgent guilty of armed robbery, aggravated assault, and two counts of possession of a firearm during the commission of a crime. He was sentenced to 20 years incarceration followed by 20 years probation. Following the denial of his motion for new trial, Sturgent appeals and contends the trial court erred in denying his motion for directed verdict based on the insufficiency of the evidence. Finding no error, we affirm.

The standard of review of a trial court's denial of a motion for directed verdict is "whether there was sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt." (Citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 313 (I) (99 SC 2781, 61 LE2d 560) (1979). See also *Harris v. State*, 308 Ga. App. 456, 456-458 (1) (707 SE2d 878) (2011). This court no longer affords the defendant the presumption of innocence, and views the evidence in the light most favorable to the jury's verdict. Id. at 456.

So viewed, the record reveals that on June 29, 2003, two men robbed a Burger King restaurant at gunpoint on Fairburn Road in Douglas County while a third individual waited outside in a sport

utility vehicle (SUV). After the robbery, the two men left the premises in the SUV, and a high-speed chase involving fifteen to twenty patrol cars ensued which ended when the vehicle stopped and two men exited through the sunroof and attempted to flee.

While one suspect was not apprehended after evading the police, the other was captured and later identified as Michael Burton. The driver resisted arrest, but was eventually taken into custody and identified as Linda Scott. As a part of their plea, both Burton and Scott testified that Sturgent was the third suspect in the robbery.

Sturgent contends that the trial court erred in denying his motion for directed verdict because the circumstantial evidence was insufficient to sustain his conviction. Upon our review, we affirm. "To warrant a conviction on *circumstantial evidence*, the proved facts shall not only be consistent with the hypotheses of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." (Emphasis supplied.) OCGA § 24-4-6. While

> in certain cases, including prosecutions for . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient[,] . . . corroborating circumstances may dispense with the necessity for the testimony of a second witness[.]

OCGA § 24-4-8. "The corroborating evidence may consist entirely of circumstantial evidence . . . [and] requires only slight evidence from an extraneous source identifying the accused as a participant in the criminal act." (Citations and punctuation omitted.) *Ward v. State*, 304 Ga. App. 517, 524 (4) (696 SE2d 471) (2010). "[T]he sufficiency of the corroborating evidence is a matter for the jury." (Citations and punctuation omitted.) Id. at 525.

Here, the record contains not only testimony from the accomplice witnesses, but also corroborating circumstances that identify Sturgent as a party to the crime. Footage from the video-surveillance camera located in the Burger King portrayed two males wearing ball caps entering the Burger King restaurant. A police officer testified that the two suspects in the video were similar in height and weight to Sturgent and Burton. The subject in the video identified as Burton took the black cash drawer and carried a silver handgun, and the other subject carried a black handgun.

During trial, police officers described the evidence obtained from the search of the vehicle, including a black Astra 9-millimeter containing Sturgent's fingerprint on the ammunition clip, a silver .38 caliber Taurus revolver and ammunition, and a black cash drawer similar to the one carried by Burton in the video footage. Both guns were similar to the ones used in the robbery.

The police also found two ball caps in the vehicle that were identified as those used in the robbery. The cap worn by the suspect who was seen with Burton in the surveillance video contained Sturgent's DNA. Furthermore, one of two cell phones found in the vehicle was identified as belonging to Sturgent.

We hold that a rational trier of fact could have found Sturgent guilty beyond a reasonable doubt. Accordingly, we affirm.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 24, 2011.

*Mary Erickson*, for appellant.

*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.